# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Baltimore Division

| | | |
|---|---|---|
| ALEXIS VARGAS, | ) | |
| 3525 Fryar Loop, Unit D | ) | |
| Fort Meade, MD 20755 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:17-cv-2785 |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC | ) | |
| 1550 Peachtree Street, NW | ) | |
| Atlanta, GA 30309 | ) | |
| | ) | |
| Serve:  CSC-Lawyers Incorporating Service Co. | ) | |
| 7 St. Paul Street | ) | |
| Suite 280 | ) | |
| Baltimore, MD 21202 | ) | |
| | ) | |
| TRANS UNION, LLC, | ) | |
| 1013 CENTRE ROAD | ) | |
| WILMINGTON DE 19805 | ) | |
| | ) | |
| Serve:   CSC-Lawyers Incorporating Service | ) | |
| Company | ) | |
| 7 St. Paul Street, #820 | ) | |
| Baltimore, MD  21202 | ) | |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | ) | |
| 505 City Parkway West | ) | |
| Orange, CA 92668 | ) | |
| | ) | |
| Serve:  The Corporation Trust Incorporated | ) | |
| 2405 York Road, Suite 201 | ) | |
| Lutherville Timonium, MD 21093 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NATIONSTAR MORTGAGE, LLC | ) | |
| 8950 Cypress Walters Blvd. | ) | |
| Coppell, TX 75019 | ) | |
| | ) | |
| Serve: CSC-Lawyers Incorporating Service Co. | ) | |

|  |  |
|---|---|
| 7 St. Paul Street | ) |
| Suite 280 | ) |
| Baltimore, MD 21202 | ) |
|  | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, Alexis Vargas ("Plaintiff"), by counsel, and files this Complaint against Defendants, Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Nationstar, LLC ("Nationstar"), (collectively "Defendants"). Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages; costs; and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

2. The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information." 15 U.S.C. § 1681 (emphasis added). In furtherance of its underlying purposes, the FCRA sets out requirements and obligations that consumer reporting agencies, § 1681i, and their furnishers of information, § 1681s-2(b), must follow when consumers dispute the accuracy of the information reported in their credit reports.

3. In this case, the servicer of Plaintiff's home mortgage account, Nationstar, erroneously furnished inaccurate, derogatory information that was reported on Plaintiff's credit reports. After Plaintiff disputed the inaccurate information with Equifax, Trans Union and Experian, they failed to correct Plaintiff's credit report.

4. Accordingly, Plaintiff alleges claims against Equifax, Trans Union and Experian for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit reports in violation of the FCRA, 15 U.S.C. §1681e(b), and for failing to fulfill their reinvestigation duties in violation of the FCRA, 15 U.S.C. § 1681i.

5. Plaintiff also alleges a claim against Nationstar for failing to fully and properly investigate Plaintiff's disputes and to review all relevant information provided by the consumer reporting agencies in violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1).

**JURISDICTION AND VENUE**

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 168l(p).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**PARTIES**

8. Plaintiff is a natural person residing in Maryland and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Equifax is a foreign limited liability company authorized to do business in Maryland.

10. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

11. Trans Union is a foreign limited liability company previously authorized to do business in Maryland; however its current status is identified as forfeited.

12. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

13. Experian is a foreign corporation authorized to do business in Maryland.

14. Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

15. Nationstar is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. At all times relevant to this Complaint, Nationstar was a furnisher governed by the FCRA.

**FACTS**

16. On or about December 15, 2015, Plaintiff entered a Standard Modification Program Trial Period Plan with Nationstar Mortgage, the servicer of his mortgage loan.

17. Per the instructions on the Trial Period Plan, Plaintiff made his Trial Period Payments "in place of [his] normal monthly mortgage payment."

18. Plaintiff made all his payments as instructed and was offered and accepted a permanent modification with Nationstar Mortgage effective May 1, 2016.

19. Plaintiff made all his permanent modification payments as agreed to with Nationstar Mortgage.

20. On or about September 9, 2016, Plaintiff obtained a copy of his Trans Union credit report, which erroneously reflected that his Nationstar Mortgage account was 60 days past due in December 2015 and over 90 days past due from January 2016 through March 2016.

21. The information reported on his Trans Union credit report was erroneous, as Plaintiff had been making payments in accordance with his modification agreement with Nationstar Mortgage.

22. Plaintiff's mortgage loan was never sixty or ninety days past due.

23. On or about March 2, 2017, Plaintiff sent dispute letters to Trans Union, Equifax, and Experian.  With his dispute letters, he provided copies of the trial plan, his permanent Loan Modification Agreement, and proof of his payments.

24. Nationstar failed to conduct a reasonable investigation of the Plaintiff's dispute and continued to report the inaccurate payment data.

25. In response to Plaintiff's disputes, Experian, Equifax, and Trans Union each "verified" the inaccurate and derogatory information reported by Nationstar.

26. Plaintiff continued making all monthly payments to Nationstar Mortgage in the amount required by the permanent modification.

27. On April 4, 2017, Equifax provided Plaintiff a copy of his consumer report, which continued to report the Nationstar Mortgage account as past due from December 2015 through March 2016.

28. On April 24, 2017, Plaintiff sent follow-up dispute letters to Equifax, Trans Union and Experian indicating that each had failed to correct the inaccurate payment information regarding his Nationstar mortgage account.

29. Despite Plaintiff's disputes, Nationstar again refused to adequately investigate the Plaintiff's dispute and correct the inaccurate payment information.

30. Additionally, Trans Union refused to remove the inaccurate, derogatory information from Plaintiff's credit report and continued to report the inaccurate payment information.

31. Equifax and Experian failed to respond to Plaintiff's follow-up dispute letter.

32. Plaintiff sent a third dispute letter regarding the inaccurate Nationstar mortgage payment data to Experian on or about June 26, 2017.

33. In response, Experian refused to process Plaintiff's dispute and instead requested that Plaintiff provide additional identifying information, even though it had previously been able to identify the Plaintiff and process his prior dispute.

34. Accordingly, Plaintiff sent a fourth dispute letter to Experian on or around August 2, 2017 regarding the inaccurate Nationstar mortgage payment information.

35. In response to Plaintiff's August 2, 2017 dispute letter, Experian stated that it had previously processed the dispute and that the credit grantor had verified the accuracy of the disputed item. Experian further stated that it would not reinvestigate the disputed information.

36. Because of the Defendants' conduct, Plaintiff suffered actual damages.

### *Defendants' Conduct was Willful.*

37. As a standard practice, Equifax, Experian, and Trans Union do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received

from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

38. Upon information and belief and consistent with their standard policies and procedures, Equifax, Experian, and Trans Union automatically generated their "investigation" results once Nationstar Mortgage provided its response to Plaintiff's disputes, verifying the status of the account, and did not take any additional steps after Nationstar Mortgage provided its responses to Plaintiff's disputes.

39. Instead, Equifax, Experian, and Trans Union blindly accepted Nationstar Mortgage's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

40. Equifax, Experian, and Trans Union continue the practice of parroting the response from the furnisher even though they have been repeatedly sued for failing to conduct a reasonable investigation as required by the FCRA.

41. Equifax, Experian, and Trans Union do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

42. Instead, Equifax, Experian, and Trans Union intentionally choose not to comply with the FCRA to lower their costs.

43. Therefore, at all times relevant to this Complaint, Equifax's, Experian's and Trans Union's conduct was willful and carried out in reckless disregard for a consumer's rights under

the FCRA. By example only and without limitation, their conduct was willful because it ran a risk of harm that was known, or so obvious it should have been known, by failing to implement any procedure to identify and correct these common errors prior to furnishing reports.

44. In addition, at all times pertinent to this Complaint, Nationstar's processing of consumer reports was willful and carried out in reckless disregard for a consumer rights as set forth under the FCRA. By example only and without limitation, Nationstar's conduct was willful because it was intentionally accomplished through intended procedures and as Nationstar's efficiency in processing disputes is believed to be more important than making sure that the disputes are investigated thoroughly and accurately.

## COUNT ONE:
## VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)
## (EQUIFAX, TRANS UNION AND EXPERIAN)

45. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

46. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

47. Because of Equifax's, Experian's, and Trans Union's conduct, Plaintiff suffered actual damages, including without limitation: credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

48. Equifax's, Experian's, and Trans Union's conduct in violating § 1681e(b) was willful, rendering each liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the

alternative, Equifax, Experian, and Trans Union were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## COUNT TWO:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i
## (EQUIFAX, TRANS UNION AND EXPERIAN)

49. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

50. Equifax, Experian and Trans Union violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide Nationstar Mortgage with all the relevant information regarding Plaintiff's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); and (4) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

51. Because of Equifax's, Experian's, and Trans Union's violations of §1681i, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

52. Equifax's, Experian's, and Trans Union's violations of § 1681i were willful, rendering each liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and Trans Union were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

## COUNT THREE:
## VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(A)
## (NATIONSTAR)

53. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

54. On one or more occasion within the past two years, by example only and without limitation, Nationstar violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

55. When Plaintiff disputed his account with the credit bureaus, Nationstar used a dispute system named, "e-Oscar," which has been adopted by the consumer reporting agencies and their furnisher-customers such as Nationstar. E-Oscar is an automated system, and the procedures used by the credit reporting agencies are systemic and uniform.

56. When the credit bureaus receive consumer disputes, they (usually via an outsourced vendor) translate each dispute into an automated consumer dispute verification ("ACDV") form.

57. Upon information and belief, the ACDV form is the method by which Nationstar has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

58. Upon information and belief, Plaintiff alleges that the credit bureaus forwarded Plaintiff's dispute via an ACDV to Nationstar.

59. Nationstar understood the nature of Plaintiff's disputes when it received the ACDV form.

60. Upon information and belief, when Nationstar received the ACDV form containing Plaintiff's disputes, Nationstar followed a standard and systemically unlawful process where it only reviews its own internal computer screen for the account and repeats back the same information to the ACDV system that was previously reported to the credit reporting agency.

61. Upon information and belief, when Nationstar receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether the information already in their computer system is itself accurate.

62. Because of Nationstar's violations of 15 U.S.C. § 1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

63. Nationstar's conduct in violating § 1681s-2(b)(1)(A) was willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Nationstar was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

64. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Nationstar in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT FOUR:
## VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(B)
## (NATIONSTAR)

65. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

66. On one or more occasions within the past two years, by example only and without limitation, Nationstar violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the credit bureaus.

67. As Plaintiff detailed in the previous Count, Nationstar has elected to use the e-Oscar system for its FCRA disputes received through the consumer reporting agencies.

68. Nationstar was aware of the meaning of the several dispute codes used by the consumer reporting agencies in e-Oscar.

...

69. Nationstar does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the consumer reporting agencies.

70. Nationstar understood Plaintiff's disputes and that Plaintiff claimed the information was inaccurate.

71. Because of Nationstar's violations of 15 U.S.C. § 1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

72. Nationstar's violations of 15 U.S.C. § 1681s-2(b)(1)(B) were willful, rendering it liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Nationstar was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

73. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Nationstar in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT SEVEN:
### VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(C) and (D)
### (NATIONSTAR)

74. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

75. On one or more occasions within the past two years, by example and without limitation, Nationstar violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing its representations within Plaintiff's credit files without also including a notation that the account was disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

76. Specifically, Nationstar failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to the credit reporting agencies, which would have indicated that the account was disputed.

77. Upon information and belief, Plaintiff alleges that Nationstar rarely, if ever, added the XB code or other notation that an account was disputed when it responded to ACDV forms.

78. Furthermore, Nationstar knew that Plaintiff disputed the subject account through his dispute letters to the credit reporting agencies.

79. Plaintiff's disputes were bona fide as his account was not past due because he made monthly payments as instructed by Nationstar, including during his trial period plan and under his Permanent Loan Modification Agreement.

80. Because of Nationstar's violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

81. Nationstar's violations were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Nationstar was negligent, entitling Plaintiff to recover against Nationstar under 15 U.S.C. §1681o.

82. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Nationstar in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants; his attorney's fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED**

                Respectfully submitted,
                **ALEXIS VARGIS**

            By:   */s/ Kristi C. Kelly*
                      Counsel

Kristi C. Kelly, Esq. (No. 07244)
KELLY & CRANDALL, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
Email: kkelly@kellyandcrandall.com
*Counsel for Plaintiff*